**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| DAMION RICKETTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. HOLLAND, *et al.,*<br><br>　　　　　Defendants. | Case No. CV 16-01270-JVS (AFM)<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On July 8, 2016, plaintiff, a detainee formerly incarcerated at the Santa Ana City Jail in Santa Ana, California, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. She subsequently was granted leave to proceed without prepayment of the full filing fee. The Third Amended Complaint ("TAC"), the operative pleading herein, was filed on August 26, 2016. (ECF No. 16.) Plaintiff's claims arise from incidents that took place in June and July, 2016. (*Id.* at 5.)[1] Plaintiff names as defendants C. Holland, "management"; Officer Muniz; Officer Cante; and Hernandez, "Supervisor." All defendants are named in their official as well as individual capacities. (*Id.* at 3-4.) The TAC purports to raise one claim. (*Id.* at 5.)

---

[1] The Court references the electronic version of the pleadings.

Plaintiff seeks monetary compensation. (*Id.* at 6.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the TAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court's screening of the pleading under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Nevertheless, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation").

After careful review and consideration of the TAC under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Accordingly, the TAC is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, she is ORDERED to file a Fourth Amended Complaint no later than November 30, 2016, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if she fails to timely file a Fourth Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[2]

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the TAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or

3

## DISCUSSION

Plaintiff's TAC fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint

---

defendant in order to pursue this action. However, if you decide to pursue a claim in a Fourth Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

In the TAC, plaintiff purports to raise only one claim, but it is not clear what the factual or legal basis for any federal civil rights claim may be. Within this "claim," plaintiff references a lack of mental health care, sexual misconduct, unlawful strip search, "lack of communication with legal correspondence," and racial discrimination. (ECF No. 16 at 5.) Plaintiff also alleges that one defendant "put me in serious harm of a detainee hurting me in the head," but she sets forth no supporting factual allegations. (*Id.*)

To the extent that plaintiff is purporting to allege that one or more defendants provided inadequate medical care at any time, her claims as a detainee would arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). However, with respect to a claim of constitutionally inadequate medical care, the deliberate indifference standard of the Eighth Amendment applies to pretrial detainees. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-42 (9th Cir. 2010) ("the 'deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees"), *overruled in part by Castro v. County of Los Angeles*, 2016 WL 4268955, at *4-7 (9th Cir., Aug. 15, 2016) (en banc) (holding that the Fourteenth Amendment's "objective standard" set forth in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), applies to a pretrial detainee's failure-to-protect claim).

In order to establish a claim for inadequate medical care, a prisoner must show that a specific defendant was deliberately indifferent to his or her serious

medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This includes both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

First, to meet the objective element of a deliberate indifference claim, "a prisoner must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the 'unnecessary and wanton infliction of pain.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 946 (2015) (internal quotation marks omitted).

Second, to meet the subjective element, a prisoner must "demonstrate that the prison official acted with deliberate indifference." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay or interference with a plaintiff's medical care. *See Estelle*, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the

Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Here, the TAC sets forth no factual allegations that raise a reasonable inference that, objectively, plaintiff was suffering from a "serious medical need" at the relevant time. Further, plaintiff sets forth no factual allegations that raise a reasonable inference that any defendants were subjectively aware of such serious medical need, or what actions by which defendant or defendants plaintiff is alleging constituted deliberate indifference to such serious medical need. *See, e.g., Toguchi*, 391 F.3d at 1058 (a prisoner must show that the chosen course of treatment was "medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk" to the prisoner's health).

Further, to the extent that plaintiff may be purporting to raise a federal civil rights claim arising from racial discrimination, plaintiff appears to allege one incident in which "Hispanic detainees" were given greater access to a computer. (ECF No. 16 at 5.) In order to state a claim pursuant to the Equal Protection Clause of the Fourteenth Amendment, plaintiff must allege that a specific defendant intentionally treated her differently than other similarly situated inmates with a purpose to discriminate against plaintiff based on her membership in a protected class. *See Washington v. Davis*, 426 U.S. 229, 239-42 (1976); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (to state an equal protection claim, "a plaintiff in a section 1983 claim must show that officials intentionally acted in a discriminatory manner"). In particular, plaintiff must show that a specific defendant "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 194 (2003) ("We have made clear that proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.") (internal quotation marks omitted). The conclusory allegation that "Hispanic detainees" were given

greater access to a computer raises no inference of racially discriminatory intent or purpose.

In addition, plaintiff names all defendants in their official capacities. However, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Accordingly, any claim that plaintiff is purporting to raise against any defendant in his or her official capacity is a claim against the local government entity operating the Santa Ana City Jail.

Further, to the extent that plaintiff may be purporting to state a claim against a local government entity pursuant to *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978), the Supreme Court in *Monell* held that a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694; *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts"). Here, the TAC fails to set forth any allegations that any specific policy or custom by a government entity was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, liability against a local government entity for implementation of an improper custom may not be premised on an isolated incident. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or

8

sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Plaintiff's TAC does not set forth any factual allegations concerning any practice or custom that she alleges was a "traditional method of carrying out policy."

In addition, to the extent that plaintiff is purporting to state a federal civil rights claim against any defendant arising from an allegedly unlawful strip search, plaintiff's only factual allegations pertain to one visual strip search conducted by a male officer following plaintiff's visit with an attorney. (ECF No. 16 at 5).

The Ninth Circuit has held that routine visual strip searches conducted in the presence of guards of the opposite sex do not unreasonably infringe on detainees' Fourth, Eighth, or Fourteenth Amendment rights. *Bull*, 595 F.3d at 968-69; *Somers v. Thurman*, 109 F.3d 614, 622-23 (9th Cir. 1997) (as amended) (visual body-cavity search during which female guards allegedly told jokes and pointed did not violate the Eighth Amendment given that plaintiff did not allege that the search was intended to humiliate him or that it occurred without penological justification); *Michenfelder v. Sumner*, 860 F.2d 328, 333-34 (9th Cir. 1988) (holding that routine visual body cavity searches conducted in hallways did not violate the Fourth and Eighth Amendments after situations where inmates had been presented with the opportunity to obtain contraband or a weapon). In addition, the Supreme Court has emphasized that "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities" *Florence v. Board of Chosen Freeholders*, 132 S. Ct. 1510, 1517 (2012) (upholding blanket strip searches and visual body cavity searches for all arrestees entering

detention facilities). Plaintiff's factual allegations raise a reasonable inference that the visual search was a reasonable response by jail officials after a contact visit.

Additionally, plaintiff identified defendant Holland as "management" and defendant Hernandez as a "supervisor." (ECF No. 16 at 3-4.) The only factual allegations pertaining to these two defendants appear to be that plaintiff notified them of a "problem," and they failed to take action. (*Id.* at 5.) However, the Supreme Court has emphasized that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676; *see also Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Rather, plaintiff must allege that each named defendant "through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"); *see also Starr*, 652 F.3d at 1205-06 (explaining that a supervisor can be liable under § 1983 for "his own culpable action or inaction in the training, supervision, or control of his subordinates, his acquiescence in the constitutional deprivations of which the complaint is made, or conduct that showed a reckless or callous indifference to the rights of others" (internal quotations marks omitted)). In the TAC, plaintiff fails to set forth a short and plain statement of the actions that she alleges that each named supervisory defendant took, or the conduct that she alleges showed a reckless or callous indifference to her constitutional rights.

Accordingly, it appears to the Court that plaintiff's factual allegations in the TAC, as presently alleged, even accepted as true and construed in the light most favorable to plaintiff, are insufficient to nudge any federal civil rights claim against any defendant "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In addition, it is unclear to the Court the number of claims against which defendants plaintiff is purporting to raise. The Court is mindful that, because

plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford him the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623; *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants"). Although plaintiff need not set forth detailed factual allegations, she must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555-56). In its present form, it would be extremely difficult for each defendant to discern what specific facts or legal theories apply to which potential claim or claims against them, and, as a result, it would be extremely difficult for each defendant to formulate applicable defenses.

The Court therefore finds that the TAC fails to comply with Rule 8.

************

**If plaintiff still desires to pursue this action, she is ORDERED to file a Fourth Amended Complaint no later than November 30, 2016, remedying the pleading deficiencies discussed above.** The Fourth Amended Complaint should bear the docket number assigned in this case; be labeled "Fourth Amended Complaint"; and be complete in and of itself without reference to the original complaint, any amended complaint, or any attachment or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that she must sign and date the civil rights complaint form, and she must use the

space provided in the form to set forth all of the claims that she wishes to assert in a Fourth Amended Complaint.

Plaintiff is further admonished that, if she fails to timely file a Fourth Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

In addition, if plaintiff no longer wishes to pursue this action, she may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: 10/21/2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE